# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR410-224 |
| | ) | |
| MICHAEL WILLIAMS | ) | |
| | ) | |

## ORDER

Indicted for possession of a loaded handgun by a convicted felon and possession with intent to distribute controlled substances, doc. 1, defendant Michael Williams moved to suppress the gun and drugs seized from him. Docs. 17 & 21. The Report and Recommendation (R&R) advising denial of that motion is still pending. Doc. 29.

Williams sent the undersigned the attached, February 15, 2011-dated[1] letter airing various complaints and concerns about his court-

---

[1] Letters are not welcome in this Court. Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073 (S.D. Ga. 2000); *see also United States v. Baird*, 2008 WL 4222048 * 7 (S.D. Ga. Sep. 15, 2008) (explaining how a represented defendant's unchecked stream of letters to this Court not only undermined his own defense counsel's efforts, but hampered the Court's "duty to ensure that the record reflect all filings and proceedings aimed at influencing judicial results.").

appointed counsel, Martin G. Hilliard. For example, he says Hilliard gave him bad advice about moving for release on bond. *Id.* And he is worried that Hilliard personally knew the police witness who testified against him at the suppression hearing (the R&R in no small part relied on her testimony). The two talked before she took the stand. "When I confronted Mr. Hilliard he told me that he have [sic] known her for 10 years and they where [sic] talking about her son but before she set [sic] to take the stand!!" *Id.* He ends his letter with a question: "What can I do?" *Id.*

To the extent Williams seeks replacement counsel, it is denied unless he wishes to pay for one at his own expense. "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *United States v. Quinones*, 372 F. App'x 34, 35 (11th Cir. 2010) (per curiam); *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship"). Good cause for substitution requires a showing that a

defendant's appointed counsel cannot provide adequate assistance for one of several reasons, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict between counsel and his client. *Young*, 482 F.2d at 995. Williams has not come close to making such a showing. Hence, he has not shown facts meriting any further inquiry. Defendant Michael Williams's (attached) "letter-motion" for judicial inquiry into or replacement of his appointed counsel is therefore **DENIED**.

**SO ORDERED** this  23rd  day of February, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**

Feb 15, 2011

To The Honorable, Judge Smith

My name is michael L Williams, on The 5th of Jan. I was in your courtroom for a argument of a motion to suppress. The reason why I'm writing this letter is because my lawyer "who is which" martin G. Hilliard, who is doing very little of nothing to protect my constitutional rights. First off. I have no holds by the State of Georgia as of parole or probation of that Sort. but yet mr. Hilliard told me that I would and could not get a bond because I was locked up in the last 2 years but not convicted of nothing since 2007. But I Found that not to be true. but those was his words to me... my First meeting with mr. Hilliard he explain very little of anything but was Quick to tell me about the deals that was to come. He never added any input into this Case. the motion to suppress was what I wanted and if I didn't ask he wouldn't offer. he told me I was better off taking a deal for the gun. I told mr. Hilliard I wont do that because I never saw, touch, or had a gun on my person or knew anything about it. because I was Sleep. I told mr. Hilliard about my witness and that he could prove that she was not in a comman area which she say she was and that it was not in my arm reach. In the courtroom the day of the hearing mr. hilliard was told by me that I was feeling strange because he was talking <u>to close to the ears of the only state witness right before she took the stand</u>. before any case was called and court was in session. when I confronted mr Hilliard he told me that he have known her for 10 years and they where talking about her son. but before she set to take the stand!! that may have nothing to do with her changing some of her stated facts from state court. I'm not sure but that seem like some sort of conflict. <u>the last 6 weeks I have yet to see or talk to mr.Hilliard</u> their is no way to get in contact with him I've sent him mail and yet to recive any respond back. I'm writing your office because I dont known what else to do and fear the wrost as for him being my lawyer. (Michael L Williams) what can I do???

Michael L. Williams
17257 Hwy north 301
tateboro GA 30458

SAVANNAH GA 313
15 FEB 20 **Mail From**
**Bulloch Co. Jail**

To The Honorable Judge Smith
125 bull St
Savannah GA 31401

3140143760